NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOLENE F., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, C.C., *Appellees*.

No. 1 CA-JV 22-0156
FILED 11-8-2022

Appeal from the Superior Court in Maricopa County
No. JD39954
The Honorable Todd F. Lang, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee Department of Child Safety*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

**B A I L E Y**, Judge:

¶1        Jolene F. ("Mother") appeals the superior court's order terminating her parental rights to her child, C.C.[1]  We affirm.

## FACTS AND PROCEDURAL HISTORY[2]

¶2        While traveling from her home in Massachusetts, Mother gave birth to C.C. in Arizona in September 2020.  Mother tested positive for methamphetamine before giving birth, and C.C also tested positive for methamphetamine.  The Department of Child Safety ("DCS") filed a dependency petition alleging Mother's substance abuse prevented her from properly caring for C.C.  Mother pled no contest to the dependency allegations in December 2020, and the superior court found C.C. dependent as to her and adopted a family reunification case plan.

¶3        Mother remained in Arizona, and in early 2021, she began substance abuse treatment.  In her intake assessment, she admitted to daily methamphetamine use.  Though Mother participated in some treatment sessions, her attendance was "sporadic," and she tested positive for methamphetamine in April 2021.  Mother was discharged from treatment for lack of engagement in June 2021.

¶4        In August, Mother self-referred for inpatient substance abuse treatment, but was discharged for non-compliance shortly after.  For the next few months, Mother had only intermittent contact with DCS and failed to participate in drug testing services.  In November 2021, Mother again sought substance abuse treatment but left within days.

¶5        At a January 2022 review hearing, the superior court changed the case plan to severance and adoption.  DCS then moved to terminate Mother's parental rights to C.C., alleging chronic substance abuse and fifteen-months out-of-home placement grounds.  *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(3), (B)(8)(c).  The superior court set the severance adjudication for May.

---

[1]        Father is not a party to this appeal.

[2]        We view the facts in the light most favorable to upholding the superior court's order.  *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010).

**¶6**        Then, in April 2022, Mother returned to Massachusetts and began substance abuse treatment at a transitional living facility. As of the severance adjudication, she had tested negative twice.

**¶7**        After a contested adjudication, the court terminated Mother's parental rights on both grounds alleged. Mother timely appealed, and we have jurisdiction under A.R.S. §§ 8-235(A), 12-120.21(A)(1), and 12-2101(A)(1).

## DISCUSSION

**¶8**        We review the superior court's decision on a motion to terminate parental rights for an abuse of discretion. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). Because the superior court is "in the best position to weigh the evidence, judge the credibility of the parties, observe the parties, and make appropriate factual findings," we will affirm an order terminating parental rights so long as it is supported by reasonable evidence. *Id.* (citation omitted).

**¶9**        Parental rights are fundamental, but not absolute. *Jessie D. v. Dep't of Child Safety*, 251 Ariz. 574, 579, ¶ 8 (2021). The superior court may terminate a parent-child relationship if it finds a statutory ground for termination under A.R.S. § 8-533(B) by clear and convincing evidence and finds termination is in the child's best interests by a preponderance of the evidence. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149-50, ¶ 8 (2018).

**¶10**        Under the chronic substance abuse ground, the court may terminate a parent-child relationship if it finds by clear and convincing evidence that "the parent is unable to discharge [her] parental responsibilities because of . . . a history of chronic abuse of dangerous drugs" and reasonable grounds exist "to believe the condition will continue for a prolonged indeterminate period." A.R.S § 8-533(B)(3). Before seeking termination on this ground, DCS has a constitutional obligation to make reasonable efforts to provide appropriate family reunification services. *See Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453, ¶ 12 (App. 2005) (citing *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 191-92, ¶¶ 31-34 (App. 1999)).

**¶11**        Mother does not challenge DCS's reunification efforts or that termination was in C.C.'s best interests. She argues only that because she was sober and in treatment the month before the adjudication, DCS failed to prove the alleged statutory grounds by clear and convincing evidence. We disagree.

¶12 Mother has a history of chronic substance abuse; she first used stimulants such as Adderall and Ritalin as a teenager and began using methamphetamine daily at age 25. She has not maintained any meaningful length of sobriety since the dependency began.

¶13 The record supports the superior court's finding that Mother could not discharge her parental responsibilities because of her methamphetamine abuse. Mother completed no substance abuse treatment over the course of the dependency, failed to complete a parent aide service due to poor attendance, and failed to enhance her nine diminished parenting capacities.

¶14 Mother continued to abuse methamphetamine despite the ongoing dependency, suggesting her chronic substance abuse is likely to continue for a prolonged, indeterminate period. *See Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 29 (App. 2010). Though Mother entered substance abuse treatment and tested negative for substances the month before the hearing, this brief sobriety period does not outweigh her significant history of substance abuse and her inability to achieve sobriety throughout the dependency. *See id.*; *see also Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 287, ¶ 20 (App. 2016) (noting a parent's "prior efforts to maintain sobriety[] and prior relapses" are relevant in determining whether a parent's chronic substance abuse is likely to continue).

¶15 The superior court did not err by terminating Mother's parental rights because it reasonably concluded Mother's chronic substance abuse would continue for a prolonged, indeterminate period. Because we affirm the court's order under this ground, we do not address the fifteen-months out-of-home placement ground. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002).

## CONCLUSION

¶16 We affirm the superior court's order terminating Mother's parental rights to C.C.

AMY M. WOOD • Clerk of the Court
FILED:    AA

4